IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re: Sarah Elizabeth McMinn                     Case Number: 10-23930-13-RDB

MOTION TO IMPOSE AUTOMATIC STAY

COMES NOW the Debtor, by and through attorney, Russell B. Cloon, and, pursuant to §362(c)(4)(B), moves the Court for an Order continuing the automatic stay provided for under §362(a) as to all creditors.

In support of said Motion, Debtor states as follows:

1. The debtor filed a petition under Chapter 13 on November 17, 2010.

2. The debtor had previously filed a Chapter 13 case on August 24, 2009, which was dismissed on November 3, 2010. This case was dismissed because she was injured and incurred post-petition medical bills that totaled in excess of $40,000.00.

3. The debtor has proposed a plan that she believes that she can properly fund with her present income level.

4. The petition in this case has been filed in good faith. The debtor believes that the Chapter 13 plan she has submitted will be confirmed and that she will be fully able to perform under the terms of the plan.

5. The debtor's prior Chapter 13 case was the only previous case by the debtor that was pending during the preceding year.

6. The debtor's prior Chapter 13 case was not dismissed because the debtor failed to file or amend their petition or any required documents, or to provide adequate protection ordered by the Court.

7. The debtor's prior Chapter 13 case was not dismissed at a time when there had been a motion for relief that was pending before the Court.

8. 11 U.S.C 362(C)(3)(B) provides that the hearing for continuation of the automatic stay has to be held within 30 days after the date of filing of the later case.[1] 11 U.S.C. 362(C)(4)(B), however, provides that the automatic stay may be imposed if a motion for same is filed "within 30 days after the filing of

---

[1] 11 U.S.C 362(C)(3)(B).

the later case."2  There is a split among the courts in determining the applicability of §362(c)(4)(B).  A Bankruptcy Court in the Southern District of Georgia held that it only applies to multiple repeat filers, while a Bankruptcy Court in the Southern District of Texas held that it applies to one-time repeat filers as well.3  Debtor is asking the Court's determination in this issue.

9.  The debtor believes that, in the absence of affirmative action by a creditor during the period after dismissal, but prior to refiling, a motion for continuance of the automatic stay is unnecessary, given the language of §362(c)(3)(A), which limits the lifting of the stay "to any action taken with respect to a debt or property securing such debt or with respect to any lease."  However, pursuant to §362(c)(4)(B), debtor is filing this motion due to a lack of certainty on how the Court will rule on this issue.

10.  Debtor has filed a base plan and has no secured debts.  As a result, this would be a good test case for the Court to determine whether a motion under §362(c)(3)(A) is required in the absence of any affirmative action during the period prior to the present filing.  Also, debtor believes this would be an appropriate case for the Court to determine whether debtor can file a motion pursuant to §362(c)(4)(B) in a case where there has been only one filing in the prior year.  This would result in judicial economy because the Court would not have to necessarily hold hearings to continue the automatic stay in most cases where no action was taken by creditors during the period between cases, and/or would not have to hold the hearings within 30 days of filing.

11.  In the alternative, should the Court find that, even in the absence of affirmative action by a creditor during the period after dismissal, but prior to refiling, a motion for continuance of the automatic stay is necessary, or that §362(C)(4)(B) does not apply to a debtor who only has one previous case filed and was dismissed within the one year period from the present filing, the Debtor requests that the Court reinstate the automatic stay using its equitable power under §105.

---

2 11 U.S.C. 362(C)(4)(B).
3 *In re Whitaker*, 341 B.R. 336, 344(Bankr.S.D.Ga.2006); *In re Toro-Arcila*, 334

WHEREFORE, Debtor prays that the Court grant her Motion to impose the automatic stay in this case, and for such other and further relief as the Court deems just and equitable.

Dated December 15, 2010.

                                       Respectfully submitted,

                                       CLOON LEGAL SERVICES

                                       __s/Russell B. Cloon_____
                                       Russell Brian Cloon #14789
                                       811 Grove Street
                                       P.O. Box 969
                                       Baldwin City, Kansas 66006
                                       (785) 594-2111
                                       fax: (785) 594-6930
                                       russell.cloon@cloonlegal.com
                                       Counsel for Debtor

---

B.R. 224, 229 (Bankr.S.D.Tex.2005).